# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JAMES KINGMAN and**
**REBECCA KINGMAN**                                                     **PLAINTIFFS**

v.                              No. 3:18-cv-155-DPM

**CHARLI JOSEPH and TRANSNET**
**FREIGHT LTD.**                                                        **DEFENDANTS**

## ORDER

The Court thanks the parties for the helpful color-coded deposition transcripts. The binders were much appreciated, as was the parties' crisp presentation of their remaining disputes. The Court's rulings are in the margins of the attachment.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

31 January 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| **JAMES KINGMAN AND REBECCA KINGMAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**CHARLI JOSEPH AND TRANSNET FREIGHT LTD.,**<br><br>Defendants. | CASE NO:   3:18-cv-155-DPM<br><br>[Assigned to The Honorable District Judge D.P. Marshall, Jr.] |

**JOINT REPORT ON DEPOSITION DESIGNATION DISPUTES**

Plaintiffs James Kingman and Rebecca Kingman, and Defendants Transnet Freight Ltd. ("Transnet") and Charli Joseph ("Joseph"), collectively "The Parties", submit this Joint Report on Deposition Designation Disputes. The Parties exchanged their deposition designations, counter-designations, and objections with each other and attempted to resolve any disputes between themselves. However, the following disputes remain for the Court to resolve:

(1)   **DEPOSITION OF DR. JAMES WEBB DATED 12/15/2020 – EXHIBIT A**

    a)   **Defendants' Unresolved Objections to Plaintiffs' Designations**

Defendants' Objections:   22:7-16; The question by Plaintiffs' counsel is an improper request to judge or bolster another party's credibility or character that has not been attacked, F.R.E. 609(a), and invades the province of the jury. Further, objections other than form and responsiveness were reserved until trial. *See* deposition transcript at 3:1-4. Objection to the admissibility of evidence may be raised at trial. F.R.C.P. 32(b).

Plaintiffs' Response:   There should have been an objection, but was not. Question might have been leading, but otherwise was proper. The Defendants are claiming that Rebecca and

*Overruled. James Kingman's credibility is central to the damages issues.*

*Overruled. Basis of Dr. Webb's opinion.*

*Overruled. One expert can critique basis of another expert's opinion.*

James Kingman are not being honest about the extent of their injuries and the cause of their injuries. Objections to the form of a question were not reserved.

Defendants' Objections: (40:14-22; 58:5-8; 59:1-60:8.) These questions and answers are improper references to a witness (Dr. Greg Wood) who has not testified; asking one witness to attack the credibility of another; pitting one witness against another. Dr. Webb, the deponent, did not rely on Dr. Wood for an opinion.

Plaintiffs' Response: The doctor was simply stating all the information that he had reviewed when giving his expert opinions. Also, this expert was simply testifying that sometimes experts disagree. This type of answer is more properly explained on cross, but should not be excluded.

*All excluded by agreement if Defendants decide not to call Dr. Wood.*

NOTE: Plaintiffs will agree to not use this testimony if, by the time of trial, Defendants determine to not call Dr. Wood.

Defendants' Objections: (36:17-37:21; 57:23-58:1.) These questions concern future medical treatment. In their initial disclosures and responses to specific interrogatories and requests for production of documents concerning future medical damages, Plaintiffs Rebecca Kingman and James Kingman did not produce any documents or calculations supporting future medical expenses, any itemization or specification of the amount of any such future medical expenses they were claiming, nor the required present value of any such future medical expenses. Further, the doctor was not asked in the deposition to provide a cost or valuation estimate for future medical treatment. Therefore, testimony about future medical treatment, without any shred of foundational proof about its cost or value, is not relevant and should not be allowed. F.R.E. 401 and 402. If it is in this context, Plaintiffs' counsel would be allowed to ask for damages which have never been provided to Defendants or enumerated before closing arguments. Not only would this be

*Overruled. Sufficient disclosure in discovery of issue. Past medical expenses, plus Dr. Webb's testimony about likelihood of need for future treatment, provide sufficient basis to admit.*

-2-

prejudicial to Defendants and confusing to the jury under F.R.E. 403; the jury would be tasked with speculating in awarding such damages without supporting proof from a medical professional. Statements from Plaintiffs' counsel about the purported amount or calculation of such damages are not evidence.

Plaintiffs' Response:   Plaintiffs have always maintained that the injuries suffered in this accident are permanent in nature.  See Plaintiffs' Complaint, initial disclosures, responses to discovery, medical records and proposed jury instructions.  Dr. Webb is a qualified treating medical expert and is giving his opinion about the Plaintiffs' prognosis, nature, extent, duration, and permanency of their injuries, and his opinion about future medical treatment.  These are all legitimate areas for this qualified treating medical expert to testify upon.  Dr. Webb does not have to use any magic words or specific calculations.  The jury will have to determine what future medical treatment Plaintiffs will be needed based on all the testimony and evidence produced at trial. As noted by the comment to AMI 2204, "[f]uture medical expenses do not require the same specificity as past medical expenses and may be established by a showing of a degree of medical certainty of future medical expenses." *See also*, *West Union v. Vostatek*, 302 Ark. 219, 222, 788 S.W.2d 952, 954 (1990).

More specifically, in Plaintiffs' First Amended Complaint, in paragraphs nine (9) and ten (10), Plaintiffs alleged the following:

9. As a proximate result of the negligence of Defendants, James Kingman sustained a severe and permanent injury to his head, neck, back, hips, shoulders and legs as well as a shock to his entire nervous system. As a proximate result of said injury, James Kingman has sustained a loss of earning capacity, has undergone excruciating pain and suffering and mental anguish in the past and will continue to undergo such pain and suffering and mental anguish in the future, has incurred medical expenses in the past and will continue to incur such expenses in the future.
10. As a proximate result of the negligence of Defendants, Rebecca Kingman sustained a severe and permanent injury to her head, neck, back, shoulders

and legs, as well as a shock to her entire nervous system. As a proximate result of said injury, Rebecca Kingman has sustained a loss of earning capacity, has undergone excruciating pain and suffering and mental anguish in the past and will continue to undergo such pain and suffering and mental anguish in the future, has incurred medical expenses in the past and will continue to incur such expenses in the future.

Also in Plaintiffs Initial Disclosures, Plaintiffs listed on all of the medical care provider witnesses in response to Paragraph (A) that "Said doctor(s) will testify as to the nature, extent and duration of Plaintiff [Rebecca Kingman] [James Kingman} injuries and as to the substance of their reports.

Also stated in Response to Paragraph (C) of Plaintiffs' Initial Disclosure the following:

> (1) Plaintiffs have provided Defendants with medical bills and out-of-pocket expenses and damages incurred by Nicholas Adams, James Kingman, and Rebecca Kingman along with copies of their specials, including their personal property destroyed in the accident. Plaintiffs will supplement any additional bills. A jury will determine Plaintiffs' compensation for the nature, extent, duration, and permanency of their injuries, their pain, suffering, and mental anguish both past and future and any past and future bills or loss of earnings and earning capacity.

Lastly, in Plaintiffs' Answers to Interrogatories, Plaintiffs answered the as follows to Interrogatories 4, 5, 9 and 19:

> **INTERROGATORY NO. 4:** IDENTIFY each injury you attribute to the SUBJECT ACCIDENT and the area of your body affected.
>
> **ANSWER:** See Plaintiffs' Complaint and the medical records attached to Plaintiffs' response to Request for Production of Documents and/or Plaintiffs' Initial Disclosures. This answer can be more fully developed during a deposition setting. Plaintiffs continue to suffer from their injuries and continue to receive treatment for said injuries.
>
> **INTERROGATORY NO. 5:** IDENTIFY any complaints YOU still have that YOU attribute to the SUBJECT ACCIDENT including whether the complaint is subsiding, remaining the same, or becoming worse, and the frequency and duration of the complaint.
>
> **ANSWER:** Rebecca: The right side of my face and teeth hurt. I have ringing in my ears. My lower and mid back hurts continually. My neck hurts. I

have ear pain and swelling issues. I have sleep problems due to my pain and discomfort. I believe I have depression as well.

James: My back, neck, entire left side and hips hurt. I cannot sleep comfortably and wake up during the night a lot. I am depressed. I do not feel like we are getting any better.

**INTERERROGATORY NO. 9:** IDENTIFY any health care provider who has advised that YOU may require future or additional treatment for injuries that you attribute to the SUBJECT ACCIDENT, including the complaints for which the treatment was advised and the nature, duration, and estimated cost of such treatment.

**ANSWER:** See medical records attached to Plaintiffs' Response to Request for Production of Documents and/or Plaintiffs' Initial Disclosures. Rebecca's VA doctor, Dr. Lambert; Dr. Boyer and Dr. Campbell have all advised her she needs continued treatment. Dr. Campbell advised James he needed additional treatment.

**INTERROGATORY NO. 19:** If YOU claim that YOU will lose income in the future as a result of the SUBJECT ACCIDENT, state an estimate of the amount of loss and how long you will be unable to work including how the claim for future income is calculated.

**ANSWER:** Plaintiffs cannot calculate this at this time due to them not knowing how much James may be able to earn if he recovers fully from his injuries. At this time, he is still injured. Also, it is unknown when or if James will be able to go back to college due to his injuries. Arkansas does not require certainty of loss of earning capacity. A jury based on the facts in this case will have to determine fair amount.

b) **Plaintiffs' Unresolved Objections to Defendants' Designations**

Plaintiffs' Objections: 64:20-65:7; Leading and compound questions.

Defendants' Response: This is a proper inquiry, on cross-examination, that is relevant to one of Defendants' primary defenses – that Ms. Kingman would have continued to seek and receive repeated medical treatment in 2018 and beyond, just as she had for thirty years prior, whether the subject accident ever occurred. Her doctor, in his answer, more likely than not, agreed she would have. The testimony is relevant to this defense, supported by the evidence, and should

*Overruled. Layered but proper cross.*

be allowed. Leading questions are permitted on cross. — *Overruled. Form proper on cross of expert.*

(2)     **DEPOSITION OF JUSTIN CAMPBELL, D.C. DATED 9/24/2020 – EXHIBIT B**

   a) **Plaintiffs' Unresolved Objections to Defendants' Designations**

Plaintiffs' Objections: 53:21-54:1; Objection to form.  In his question defense counsel failed to ask a question to the Chiropractic Doctor witness, but instead gave the witness defense counsels version of what he believed is the definition of a term that has been used, laminectomy syndrome.  Plaintiffs' counsel promptly objected, and then the Chiropractic doctor, who had been told to answer even if there is an objection simply stated, "I believe so, yes."

Defendants' Response:   This was a proper inquiry on cross examination requesting the doctor's understanding and explanation of Ms. Kingman's preexisting medical diagnosis and treatment.  As noted above, the testimony is relevant to her post accident claims of injury and pain, and should be allowed.  There is nothing improper as to the form of the question.

Plaintiffs' Objections: 56:17-22; Objection to form. — *Overruled. Same reason as above. Please eliminate objection in the editted video.*

Defendants' Response:   This was a proper inquiry on cross examination and relevant to the causation opinion, treatment and prognosis questions from Plaintiffs' counsel concerning Ms. Kingman, since the doctor confirmed he did not know her preexisting condition while answering questions on direct. The inquiry is also relevant to Ms. Kingman's claim that the subject accident is the cause for all her subsequent medical treatment and expense and Defendants' defense to the contrary. The testimony should be allowed.  There is nothing improper as to the form of the question.

(3)  **DEPOSITION OF DR. MICHAEL BOYER DATED 10/15/2020 – EXHIBIT C**

  a) **Defendants' Unresolved Objections to Plaintiffs' Designations** — *Overruled. See prior ruling.*

Defendants' Objections: 29:11-30:1. These questions concern future medical treatment. In their initial disclosures and responses to specific interrogatories and requests for production of documents concerning future medical damages, Plaintiffs Rebecca Kingman and James Kingman did not produce any documents or calculations supporting future medical expenses, any itemization or specification of the amount of any such future medical expenses they were claiming, nor the required present value of any such future medical expenses. Further, the doctor was not asked in the deposition to provide a cost or valuation estimate for future medical treatment. Therefore, testimony about future medical treatment, without any shred of foundational proof about its cost or value, is not relevant and should not be allowed. F.R.E. 401 and 402. If it is in this context, Plaintiffs' counsel would be allowed to ask for damages which have never been provided to Defendants or enumerated before closing arguments. Not only would this be prejudicial to Defendants and confusing to the jury under F.R.E. 403; the jury would be tasked with speculating in awarding such damages without supporting proof from a medical professional. Statements from Plaintiffs' counsel about the purported amount or calculation of such damages are not evidence.

Plaintiffs' Response: Plaintiffs have always maintained that the injuries suffered in this accident are permanent in nature. See Plaintiffs' Complaint, initial disclosures, responses to discovery, medical records and proposed jury instructions. Dr. Webb is a qualified treating medical expert and is giving his opinion about the Plaintiffs' prognosis, nature, extent, duration, and permanency of their injuries, and his opinion about future medical treatment. These are all legitimate areas for this qualified treating medical expert to testify upon. Dr. Webb does not have

to use any magic words or specific calculations. The jury will have to determine what future medical treatment Plaintiffs will need based on all the testimony and evidence produced at trial.

**(4)   DEPOSITION OF DR. JAMES WEBB DATED 8/8/2021 (Second Deposition)**

The parties are proposing that they be allowed to submit their designations on this deposition before the close of business on Tuesday, January 18, 2022.

RESPECTFULLY SUBMITTED this 13th day of January, 2022.

> **COUNSEL FOR DEFENDANTS**
> **TRANSNET FREIGHT, LTD. and**
> **CHARLIE JOSEPH**
> J. Stephen Kennedy, MS Bar No. 100040
> Admitted to USDC, Eastern Dist. of AR
> WILSON ELSER MOSKOWITZ
> EDELMAN & DICKER LLP
> 1400 Meadowbrook Road, Suite 100
> Jackson, MS 39211
> Tel: (601) 499-8077
> Fax: (601) 499-8078
> steve.kennedy@wilsonelser.com
>
> Jeffrey W. Puryear (AR Bar No. 93109)
> WOMACK, PHELPS PURYEAR
> MAYFIELD & McNEIL, P.A.
> Post Office Box 3077
> Jonesboro, Arkansas 72403
> Phone: (870) 932-0900
> Fax: (870) 932-2553
> jpuryear@wpmfirm.com
>
> **COUNSEL FOR PLAINTIFFS**
> **JAMES KINGMAN AND**
> **REBECCA KINGMAN**
> Louis A. Etoch
> Bar No. 89030
> Attorney for Plaintiffs
> ETOCH LAW FIRM
> 727 Cherry Street
> Helena, Arkansas 72342
> (870) 338-3591
> FAX: (870) 338-7201
> EMAIL: louis@etochlaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 13, 2022, the foregoing document a true and correct copy was served on all counsel of record by CM/ECF Electronic Notification, including the following:

Louis A. Etoch
Etoch Law Firm
P.O. Box 100
Helena, AR 72342
Louis@etochlaw.com

/s/ J. Stephen Kennedy
J. Stephen Kennedy

- 9 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| **JAMES KINGMAN AND REBECCA KINGMAN,** <br><br> Plaintiffs, <br><br> v. <br><br> **CHARLI JOSEPH AND TRANSNET FREIGHT LTD.,** <br><br> Defendants. | CASE NO: 3:18-cv-155-DPM <br><br> [Assigned to The Honorable District Judge D.P. Marshall, Jr.] |

**SUPPLEMENTAL JOINT REPORT ON DEPOSITION DESIGNATION DISPUTES**
(James Webb, M.D. taken on August 11, 2021)

Plaintiffs James Kingman and Rebecca Kingman, and Defendants Transnet Freight Ltd. ("Transnet") and Charli Joseph ("Joseph"), collectively "The Parties", submit this Supplemental Joint Report on Deposition Designation Disputes. The Parties exchanged their deposition designations, counter-designations, and objections with each other and attempted to resolve any disputes between themselves. However, the following disputes remain for the Court to resolve:

**(1) DEPOSITION OF DR. JAMES WEBB DATED 8/11/2021 – EXHIBIT D[1]**

**a) Defendants' Unresolved Objections to Plaintiffs' Designations** — *Overruled. See prior ruling.*

Defendants' Objections: 20:8-25. These questions concern future medical treatment. In their initial disclosures and responses to specific interrogatories and requests for production of documents concerning future medical damages, Plaintiffs Rebecca Kingman and James Kingman did not produce any documents or calculations supporting future medical expenses, any itemization or specification of the amount of any such future medical expenses they were claiming,

---

[1] Exhibits A-C are included in the original Joint Report on Deposition Designation Disputed. *See* Dkt. No. 84.

nor the required present value of any such future medical expenses. Further, the doctor was not asked in the deposition to provide a cost or valuation estimate for future medical treatment. Therefore, testimony about future medical treatment, without any shred of foundational proof about its cost or value, is not relevant and should not be allowed. F.R.E. 401 and 402. If it is in this context, Plaintiffs' counsel would be allowed to ask for damages which have never been provided to Defendants or enumerated before closing arguments. Not only would this be prejudicial to Defendants and confusing to the jury under F.R.E. 403; the jury would be tasked with speculating in awarding such damages without supporting proof from a medical professional. Statements from Plaintiffs' counsel about the purported amount or calculation of such damages are not evidence.

Plaintiffs' Response:   Plaintiffs have always maintained that the injuries suffered in this accident are permanent in nature. See Plaintiffs' Complaint, initial disclosures, responses to discovery, medical records and proposed jury instructions. Dr. Webb is a qualified treating medical expert and is giving his opinion about the Plaintiffs' prognosis, nature, extent, duration, and permanency of their injuries, and his opinion about future medical treatment. These are all legitimate areas for this qualified treating medical expert to testify upon. Dr. Webb does not have to use any magic words or specific calculations. The jury will have to determine what future medical treatment Plaintiffs will be needed based on all the testimony and evidence produced at trial. As noted by the comment to AMI 2204, "[f]uture medical expenses do not require the same specificity as past medical expenses and may be established by a showing of a degree of medical certainty of future medical expenses." See also, *West Union v. Vostatek*, 302 Ark. 219, 222, 788 S.W.2d 952, 954 (1990).

More specifically, in Plaintiffs' First Amended Complaint, in paragraphs nine (9) and ten

- 2 -

(10), Plaintiffs alleged the following:

9. As a proximate result of the negligence of Defendants, James Kingman sustained a severe and permanent injury to his head, neck, back, hips, shoulders and legs as well as a shock to his entire nervous system. As a proximate result of said injury, James Kingman has sustained a loss of earning capacity, has undergone excruciating pain and suffering and mental anguish in the past and will continue to undergo such pain and suffering and mental anguish in the future, has incurred medical expenses in the past and will continue to incur such expenses in the future.
10. As a proximate result of the negligence of Defendants, Rebecca Kingman sustained a severe and permanent injury to her head, neck, back, shoulders and legs, as well as a shock to her entire nervous system. As a proximate result of said injury, Rebecca Kingman has sustained a loss of earning capacity, has undergone excruciating pain and suffering and mental anguish in the past and will continue to undergo such pain and suffering and mental anguish in the future, has incurred medical expenses in the past and will continue to incur such expenses in the future.

Also in Plaintiffs Initial Disclosures, Plaintiffs listed on all of the medical care provider witnesses in response to Paragraph (A) that "Said doctor(s) will testify as to the nature, extent and duration of Plaintiff [Rebecca Kingman] [James Kingman} injuries and as to the substance of their reports.

Also stated in Response to Paragraph (C) of Plaintiffs' Initial Disclosure the following:

(1) Plaintiffs have provided Defendants with medical bills and out-of-pocket expenses and damages incurred by Nicholas Adams, James Kingman, and Rebecca Kingman along with copies of their specials, including their personal property destroyed in the accident. Plaintiffs will supplement any additional bills. A jury will determine Plaintiffs' compensation for the nature, extent, duration, and permanency of their injuries, their pain, suffering, and mental anguish both past and future and any past and future bills or loss of earnings and earning capacity.

Lastly, in Plaintiffs' Answers to Interrogatories, Plaintiffs answered the as follows to Interrogatories 4, 5, 9 and 19:

**INTERROGATORY NO. 4:**   IDENTIFY each injury you attribute to the SUBJECT ACCIDENT and the area of your body affected.

**ANSWER:** See Plaintiffs' Complaint and the medical records attached to

Plaintiffs' response to Request for Production of Documents and/or Plaintiffs' Initial Disclosures. This answer can be more fully developed during a deposition setting. Plaintiffs continue to suffer from their injuries and continue to receive treatment for said injuries.

**INTERROGATORY NO. 5:** IDENTIFY any complaints YOU still have that YOU attribute to the SUBJECT ACCIDENT including whether the complaint is subsiding, remaining the same, or becoming worse, and the frequency and duration of the complaint.

**ANSWER:** Rebecca: The right side of my face and teeth hurt. I have ringing in my ears. My lower and mid back hurts continually. My neck hurts. I have ear pain and swelling issues. I have sleep problems due to my pain and discomfort. I believe I have depression as well.

James: My back, neck, entire left side and hips hurt. I cannot sleep comfortably and wake up during the night a lot. I am depressed. I do not feel like we are getting any better.

**INTERROGATORY NO. 9:** IDENTIFY any health care provider who has advised that YOU may require future or additional treatment for injuries that you attribute to the SUBJECT ACCIDENT, including the complaints for which the treatment was advised and the nature, duration, and estimated cost of such treatment.

**ANSWER:** See medical records attached to Plaintiffs' Response to Request for Production of Documents and/or Plaintiffs' Initial Disclosures. Rebecca's VA doctor, Dr. Lambert; Dr. Boyer and Dr. Campbell have all advised her she needs continued treatment. Dr. Campbell advised James he needed additional treatment.

**INTERROGATORY NO. 19:** If YOU claim that YOU will lose income in the future as a result of the SUBJECT ACCIDENT, state an estimate of the amount of loss and how long you will be unable to work including how the claim for future income is calculated.

**ANSWER:** Plaintiffs cannot calculate this at this time due to them not knowing how much James may be able to earn if he recovers fully from his injuries. At this time, he is still injured. Also, it is unknown when or if James will be able to go back to college due to his injuries. Arkansas does not require certainty of loss of earning capacity. A jury based on the facts in this case will have to determine fair amount.

*— Overruled. See prior ruling.*

Defendants' Objections: 22:18-23:6. These questions concern future medical treatment. In their initial disclosures and responses to specific interrogatories and requests for production of documents concerning future medical damages, Plaintiffs Rebecca Kingman and James Kingman did not produce any documents or calculations supporting future medical expenses, any itemization or specification of the amount of any such future medical expenses they were claiming, nor the required present value of any such future medical expenses. Further, the doctor was not asked in the deposition to provide a cost or valuation estimate for future medical treatment. Therefore, testimony about future medical treatment, without any shred of foundational proof about its cost or value, is not relevant and should not be allowed. F.R.E. 401 and 402. If it is in this context, Plaintiffs' counsel would be allowed to ask for damages which have never been provided to Defendants or enumerated before closing arguments. Not only would this be prejudicial to Defendants and confusing to the jury under F.R.E. 403; the jury would be tasked with speculating in awarding such damages without supporting proof from a medical professional. Statements from Plaintiffs' counsel about the purported amount or calculation of such damages are not evidence.

Plaintiffs' Response:   Plaintiffs have always maintained that the injuries suffered in this accident are permanent in nature. See Plaintiffs' Complaint, initial disclosures, responses to discovery, medical records and proposed jury instructions. Dr. Webb is a qualified treating medical expert and is giving his opinion about the Plaintiffs' prognosis, nature, extent, duration, and permanency of their injuries, and his opinion about future medical treatment. These are all legitimate areas for this qualified treating medical expert to testify upon. Dr. Webb does not have to use any magic words or specific calculations. The jury will have to determine what future medical treatment Plaintiffs will need based on all the testimony and evidence produced at trial.

*Overruled. See prior ruling.*

Defendants' Objections: 39:2 (beginning at "so") – 39:18. These questions concern future medical treatment. In their initial disclosures and responses to specific interrogatories and requests for production of documents concerning future medical damages, Plaintiffs Rebecca Kingman and James Kingman did not produce any documents or calculations supporting future medical expenses, any itemization or specification of the amount of any such future medical expenses they were claiming, nor the required present value of any such future medical expenses. Further, the doctor was not asked in the deposition to provide a cost or valuation estimate for future medical treatment. Therefore, testimony about future medical treatment, without any shred of foundational proof about its cost or value, is not relevant and should not be allowed. F.R.E. 401 and 402. If it is in this context, Plaintiffs' counsel would be allowed to ask for damages which have never been provided to Defendants or enumerated before closing arguments. Not only would this be prejudicial to Defendants and confusing to the jury under F.R.E. 403; the jury would be tasked with speculating in awarding such damages without supporting proof from a medical professional. Statements from Plaintiffs' counsel about the purported amount or calculation of such damages are not evidence.

Plaintiffs' Response: Plaintiffs have always maintained that the injuries suffered in this accident are permanent in nature. See Plaintiffs' Complaint, initial disclosures, responses to discovery, medical records and proposed jury instructions. Dr. Webb is a qualified treating medical expert and is giving his opinion about the Plaintiffs' prognosis, nature, extent, duration, and permanency of their injuries, and his opinion about future medical treatment. These are all legitimate areas for this qualified treating medical expert to testify upon. Dr. Webb does not have to use any magic words or specific calculations. The jury will have to determine what future medical treatment Plaintiffs will need based on all the testimony and evidence produced at trial.

*[Handwritten annotation: Overruled. See prior ruling. Excluded by agreement if Defendants decide not to call Dr. Wood.]*

Defendants' Objections: 44:9-48:2. These questions and answers are improper references to a witness (Dr. Greg Wood) who has not testified; asking one witness to attack the credibility of another; pitting one witness against another. Dr. Webb, the deponent, did not rely on Dr. Wood for an opinion.

Plaintiffs' Response: The doctor was simply stating all the information that he had reviewed when giving his expert opinions. Also, this expert was simply testifying that sometimes experts disagree. This type of answer is more properly explained on cross, but should not be excluded.

NOTE: Plaintiffs will agree to not use this testimony if, by the time of trial, Defendants determine to not call Dr. Wood.

RESPECTFULLY SUBMITTED this 18th day of January, 2022.

**COUNSEL FOR DEFENDANTS
TRANSNET FREIGHT, LTD. and
CHARLIE JOSEPH**
J. Stephen Kennedy, MS Bar No. 100040
Admitted to USDC, Eastern Dist. of AR
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
1400 Meadowbrook Road, Suite 100
Jackson, MS 39211
Tel: (601) 499-8077
Fax: (601) 499-8078
steve.kennedy@wilsonelser.com

Jeffrey W. Puryear (AR Bar No. 93109)
WOMACK, PHELPS PURYEAR
MAYFIELD & McNEIL, P.A.
Post Office Box 3077
Jonesboro, Arkansas 72403
Phone: (870) 932-0900
Fax: (870) 932-2553
jpuryear@wpmfirm.com

- 7 -

**COUNSEL FOR PLAINTIFFS**
**JAMES KINGMAN AND**
**REBECCA KINGMAN**
Louis A. Etoch
Bar No. 89030
Attorney for Plaintiffs
ETOCH LAW FIRM
727 Cherry Street
Helena, Arkansas 72342
(870) 338-3591
FAX: (870) 338-7201
EMAIL: louis@etochlaw.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 18, 2022, the foregoing document a true and correct copy was served on all counsel of record by CM/ECF Electronic Notification, including the following:

Louis A. Etoch
Etoch Law Firm
P.O. Box 100
Helena, AR 72342
Louis@etochlaw.com

/s/ J. Stephen Kennedy
J. Stephen Kennedy

- 8 -