## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

JAMES KINGMAN and
REBECCA KINGMAN                                          PLAINTIFFS


v.                          No. 3:18-cv-155-DPM


CHARLI JOSEPH and
TRANSETFREIGHT LTD.                                      DEFENDANTS


### ORDER

1.      The trustee seeks the Court's instructions under ARK. CODE
ANN. § 28-73-201(c).  He asks whether the following medical liens are
enforceable under Oklahoma law:

- H&H Medical Services, Inc...............................$3,400.00
- Advantage Diagnostic & 3T MRI...................$10,200.00
- Dr. Kris Parchuri, D.O. ..........................................$780.00
- Tulsa Diagnostic Imaging ................................$7,300.00
- Gary R. Lee, PLLC..................................................$890.00
- Dr. Andrew Negley, D.P.T.................................$5,785.00
- Dr. James Robert Webb, Jr., M.D. ..................$87,487.00

2.      A medical lien must be effective before it can be enforced.
*Accident Care & Treatment Ctr., Inc. v. CSAA Gen. Ins. Co.*, 2021 OK CIV
APP 3, ¶ 33, 483 P.3d 1, 10.  An effective medical lien requires a
"statement" of the amount claimed.  OKLA. STAT. ANN. title 42, §§ 44(A)

& 46(C)(1).  This statement need not be itemized, but it must include more information than just the dollar amount claimed.  *Accident Care & Treatment Ctr.*, 2021 OK CIV APP at ¶ 33, 483 P.3d at 10.

Here, four of the seven medical lienholders included only the dollar amount claimed, without any statement:

- Dr. Parchuri's physician's lien .............*Doc. 162 at 31-32*
- Tulsa Diagnostic's hospital lien ................*Doc. 162 at 35*
- Dr. Negley's physician's lien.....................*Doc. 162 at 43*
- Dr. Webb's physician's lien ......................*Doc. 162 at 46*

This was a technical defect.   But Oklahoma's statute requires a lienholder to turn square corners, and the Court must enforce that requirement.  *Accident Care & Treatment Ctr.*, 2021 OK CIV APP at ¶ 31, 483 P.3d at 9.   Therefore, these four liens are ineffective and unenforceable.  The trustee is not authorized to pay these lienholders.

The remaining three medical lienholders—H&H Medical, Advantage Diagnostic, and Dr. Lee—included statements for the types of medical services they provided.   And these liens are otherwise facially valid.  OKLA. STAT. ANN. title 42, §§ 44(A) & 46(C).  The Court therefore turns to their enforceability.

**3.**     Oklahoma law says that actions to enforce medical liens must be brought within one year after the medical provider becomes "aware of final judgment, settlement or compromise of the claim."

OKLA. STAT. ANN. title 42, §§ 44(B) & 46(D).* So far, these lienholders haven't taken any action to enforce their liens. The issues are therefore whether the lienholders were made aware of the final judgment, settlement, or compromise of Kingman's claim; and if so, whether more than a year has passed.

The Court entered Judgment for Kingman in February 2022. The same day, Kingman's lawyer sent a letter to each of the seven medical lienholders—including H&H Medical, Advantage Diagnostic, and Dr. Lee. The letter stated that the jury's verdict of $140,000 was "insufficient to pay medical bills after paying the attorney's fees, costs and the super liens of Medicare and the VA." *Doc. 162 at 21-22, 29-30, 41-42.* A month later, though, the Court learned that the parties had made a high-low settlement during trial. To reflect the jury's verdict and the parties' settlement, the Court entered an Amended Judgment in May 2023 for $184,500.

There are a few tangles here. First, the February 2022 letter didn't mention the parties' settlement—which increased the available pool of money by $44,500. And the record is silent on whether the lienholders learned about the settlement later. Second, although the letter did make

---

* The Oklahoma legislature amended the enforcement period in 1994. *See* Act of 17 May 1994, ch. 203, 1994 Okla. Sess. Laws 633, 635. Much of the existing Oklahoma case law is therefore no longer on point. *See Cooper v. Old Dominion Freight Line, Inc.,* 781 F. Supp. 2d 1177, 1190 n.54 (D. Kan. 2011) (Oklahoma law).

–3–

the lienholders aware of the jury's verdict, it didn't mention or enclose the Judgment. And even if it had, the February 2022 Judgment wasn't the *final* judgment; the May 2023 Amended Judgment was. Last, the letter intended for H&H Medical had the wrong address. The address on H&H's physician's lien is: P.O. Box 1043, *Owasso*, OK 74055-1043. But Kingman's lawyer sent the letter to: P.O. Box 1043, *Tulsa*, OK 74055-1043. And whether H&H Medical got the letter is unclear.

On the current record, the Court can't determine if or when these lienholders were made aware of the final judgment, settlement, or compromise of Kingman's claim. OKLA. STAT. ANN. title 42, §§ 44(B) & 46(D). The trustee must therefore cure the notice issues or demonstrate that these three lienholders got the required information.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

19 October 2023