IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JAMES KINGMAN and**
**REBECCA KINGMAN**                                                              **PLAINTIFFS**

v.                              No. 3:18-cv-155-DPM

**CHARLI JOSEPH and**
**TRANSETFREIGHT LTD.**                                                          **DEFENDANTS**

### ORDER

**1.** The trustee requests authority to pay Dr. Andrew Negley's $5,785 medical lien. In October 2023, the Court ruled that Dr. Negley's lien was ineffective because it didn't include a statement of the amount claimed, as required under Oklahoma law. OKLA. STAT. ANN. title 42, §§ 44(A) & 46(C)(1). But the trustee has since learned that the Tulsa County Clerk made a mistake—Dr. Negley's lien did include the required statement. *Doc. 166 at 3-4*. Based on the corrected record, the Court amends its 19 October 2023 Order. Dr. Negley's lien is effective under Oklahoma law.

**2.** The Court can't say, however, whether Dr. Negley's lien is enforceable. The Court needs to know when he became aware of final judgment, settlement, or compromise of Kingman's claim. It also needs

to know whether he has sought to enforce his lien; and if so, when. OKLA. STAT. ANN. title 42, §§ 44(B) & 46(D); *see also Doc. 164 at 2-4.*

3.  Last, the Court also needs a status report on whether the other providers with effective medical liens—H&H Medical, Advantage Diagnostic, and Dr. Gary Lee—have been made aware of final judgment, settlement, or compromise of Kingman's claim, as specified in the Court's October 2023 Order. The Court would also appreciate a general update on all outstanding issues. Status report on notice and all issues due by 31 May 2024.

\*   \*   \*

The petition, *Doc. 166*, is partly granted and partly denied. Dr. Negley's medical lien is effective, but—as with the other three providers—more information is needed before the trustee may pay it.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

1 May 2024