IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES KINGMAN and
REBECCA KINGMAN                                                           PLAINTIFFS

v.                              No. 3:18-cv-155-DPM

CHARLI JOSEPH and
TRANSETFREIGHT LTD.                                                     DEFENDANTS

## ORDER

In its 23 December 2024 Order, the Court extended its jurisdiction to enforce the parties' settlement and said it would address the related issues separately. *Doc. 169*. This is that Order.

*First*, one thing needs clarifying. In early May 2024, the Court amended its October 2023 Order, holding that Dr. Andrew Negley's medical lien *was effective* under Oklahoma law. *Doc. 167*. But in the trustee's late May 2024 status report, he said he told Dr. Negley that his lien was "ineffective and will not be honored." *Doc. 168 at 1*. The trustee must clarify the circumstances with Dr. Negley. The trustee must also confirm to the Court that he has done so.

*Second*, four lienholders have *effective* medical liens under Oklahoma law. They are:

- Dr. Negley;
- H&H Medical Services, Inc.;
- Advantage Diagnostic & 3T MRI; and
- Gary R. Lee, PLLC.

Doc. 164 & Doc. 167. But the Court needs more information to determine whether these liens are *enforceable*.

Under Oklahoma law, actions to enforce medical liens must be brought within one year after the medical provider becomes "aware of final judgment, settlement or compromise of the claim." OKLA. STAT. ANN. title 42, §§ 44(B) & 46(D). The issues are therefore whether—and if so, when—each of these four lienholders was made aware of one of these things: the May 2022 Amended Judgment, *Doc. 126*; the parties' mid-trial settlement, *Doc. 113-3*; or compromise of Kingman's claims.

The trustee must therefore file a status report by 31 January 2025 that addresses these questions.

- Has the trustee been able to contact the four lienholders with effective medical liens? If so, how and when did he do so?

- Has the trustee learned of any additional correspondence between the Etoch Law Firm and these lienholders? If so, when did that correspondence occur and what did it say?

- Has the trustee, or anyone else, notified these lienholders of final judgment, settlement, or compromise of Kingman's claims? If so, how and when was this done?*
- Have any of these lienholders taken any action to enforce their liens?
- Apart from the medical liens, are there any other issues that prevent final distribution?

In addition to these questions, the trustee should address any other related or relevant issues.

*Third*, the trustee must start thinking about a proposed distribution plan. The plan must address the trustee's fees, the expected amounts due to any lienholders, the expected amount due to Ms. Kingman, and any other issue that needs attention. The Court's Order responding to the upcoming status report will provide directions.

So Ordered.

*_____*
D.P. Marshall Jr.
United States District Judge

2 January 2025

---

\* The Court ordered the trustee to give notice to lienholders with effective liens in October 2023. *Doc. 164 at 4.*